**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**MICHAEL JONES,**

                    **Plaintiff,**                    **9:10-cv-1331**
                                                      **(GLS/ATB)**

          **v.**

**BRIAN FISCHER et al.,**

                    **Defendants.**

_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Michael Jones
Pro Se
90-A-5292
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN          KRISTA A. ROCK
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff _pro se_ Michael Jones commenced this action against

defendants Brian Fischer, Tersea David, David Rock, K. Rabideau, L. Whalen, Lt. Chase, J. Eggleston,[1] S. Meskunas, A. Prack, C. Leon, and C.O. Lincon, pursuant to the First, Eighth, and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983, and the Americans with Disabilities Act (ADA). (*See generally* Am. Compl., Dkt. No. 5.) Jones alleged that defendants violated his rights to proper medical care, due process, and his right to be free from cruel and unusual punishment. (*Id.*)

The remaining defendants, L. Whalen, Lt. Chase, J. Eggleston, S. Meskunas, A. Prack, and C. Leon, filed a motion for summary judgment, requesting that the remainder of the claims and defendants be dismissed.[2]

---

[1] The court notes that Eggleston's name is misspelled on the docket, and the court directs the Clerk to amend the docket to reflect the proper spelling of Eggleston's name. (Dkt. No. 54, Attach. 3.)

[2] The court notes that J. Carver was named as a defendant in Jones' initial complaint, (Dkt. No. 1), but was omitted in Jones' amended complaint, (Dkt. No. 5), and subsequently dismissed as a defendant in a Decision and Order by U.S. District Judge Thomas J. McAvoy, (Dkt. No. 6 at 5, 9). In that same Decision and Order, C.O. Lincon also was dismissed as a defendant, and Jones' conspiracy claims and claims that he was denied adequate warmth or food portions at Upstate Correctional Facility were dismissed. (*Id.* at 5-9.) Thereafter, defendants filed a motion to dismiss for failure to state a claim. (Dkt. No. 37.) Magistrate Judge Andrew T. Baxter recommended granting that motion, in part, and dismissing the complaint in its entirety against Fischer, David, Rock, and Rabideau (and, therefore, dismissing Jones' ADA claims). (Dkt. No. 44 at 39-40.) That recommendation was adopted by this court. (Dkt. No. 45.)

(Dkt. No. 54.)  Jones' remaining claims include: (1) an Eighth Amendment claim against Leon regarding Jones' medically prescribed diet; and (2) Due Process and First Amendment retaliation claims against defendants Eggleston, Meskunas, Prack, Whalen, and Chase with respect to allegedly false misbehavior reports and two disciplinary hearings.  (Dkt. Nos. 44, 60 at 2.)  In a Report-Recommendation and Order (R&R) dated July 22, 2013, Magistrate Judge Andrew T. Baxter recommended that defendants' motion be granted and Jones' amended complaint be dismissed in its entirety as to all defendants.[3]  (Dkt. No. 60.)  For the reasons that follow, the R&R is adopted in its entirety.

## II.  **Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. N.Y. State Div. of Parole*, No.

_____

[3] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

04-CV-484, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are filed, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.[4] *See id.* at *4-5.

### III. Discussion

Jones purports to object to the R&R on various grounds, all of which boil down to arguments he previously raised in his response to defendants' motion for summary judgment, (*compare* Dkt. No. 56, *with* Dkt. No. 61), and all of which Judge Baxter considered and rejected.

First, with respect to his Eighth Amendment claim, Jones objects on the theory that genuine issues of material fact exist with respect to: (1) what Leon's intentions were when he removed Jones from his medical diet because (a) it is unclear whether Leon removed Jones from his medical diet after having a conversation with another officer, and (b) if

---

[4] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

Leon had, in fact, seen Jones exchange food, Leon would have told

Jones, (Dkt. No. 61 at 2-3); (2) whether defendant Leon had the authority

to remove Jones from his diet, (*id.* at 3); (3) whether the date of the

alleged incident took place on July 14, 2010, as Jones contends, or on

July 15, 2010, as defendants contend, (*id.* at 3-4); and (4) whether

removal from the medical diet caused Jones' blood pressure to rise to the

point that he had to be placed on high blood pressure medication, (*id.* at

4).  As noted above, however, Jones raised these arguments in his

response to defendants' motion for summary judgment, and Judge Baxter

considered and rejected them.  (Dkt. No. 56 at 4-5; Dkt. No. 60 at 4-19.)

Second, with respect to his due process claim, Jones objects on the

theory that genuine issues of material fact exist on three grounds:

(1) whether the denial of documentary evidence was a due process

violation because he was denied the opportunity to review copies of all of

the handwriting samples that were used to compare with the handwriting

in the threatening letter, (Dkt. No. 61 at 7-8, 10); (2) whether there was

sufficient evidence to support Eggleston's conclusions in the Tier III

disciplinary hearing because she did not make an independent

determination, (*id.* at 10); and (3) whether the special housing unit conditions created an atypical hardship that constituted an Eighth Amendment violation, (*id.*).  Again, Jones raised these arguments in his response to defendants' motion for summary judgment, and Judge Baxter considered and rejected each of them.  (Dkt. No. 56 at 6-9; Dkt. No. 60 at 20-40.)

Finally, with respect to his retaliation claim, Jones objects on the ground that there is a genuine issue of material fact that exists as to whether the actions of defendants were taken in retaliation of Jones' grievances.  (Dkt. No. 61 at 11-12.)  This argument, too, was raised in Jones' response to defendants' motion for summary judgment, and considered and rejected by Judge Baxter.  (Dkt. No. 56 at 9-10; Dkt. No. 60 at 40-45.)

All of Jones' objections, therefore, are general and do not warrant *de novo* review.  *See Almonte*, 2006 WL 149049, at *4.  After carefully reviewing the record, the court finds no clear error in the R&R and adopts it in its entirety.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's July 22, 2013

Report-Recommendation and Order (Dkt. No. 60) is **ADOPTED** in its

entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No.

54) is GRANTED; and it is further

**ORDERED** that the amended complaint, (Dkt. No. 5), is

**DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

September 27, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court